69 P.3d 104

### STUDENT LOAN FUND OF IDAHO, INC., Petitioner–Appellant–Cross Respondent,

v.

### PAYETTE COUNTY, Respondent–Cross Appellant.

No. 28132.

Supreme Court of Idaho, Boise, January 2003 Term.

April 24, 2003.

Judson W. Tolman, Fruitland, argued for appellant.

Anne–Marie Kelso, Payette County Prosecutor, Payette, argued for respondent.

WALTERS, Justice.

Student Loan Fund of Idaho, Inc. ("SLFI") applied for a property tax exemption for tax year 1999 because of its educational purpose and its function as a charitable organization. The application was denied both by the Board of Equalization and by the Idaho State Board of Tax Appeals. SLFI petitioned for review by the district court. The district court found that SLFI was a charitable organization but that its property was not exclusively used for charitable purposes. The district court denied the tax exemption. SLFI appeals. We vacate the conclusion of the district court that SLFI was a charitable organization, and we affirm the judgment denying the tax exemption.

## FACTS AND PROCEDURAL BACKGROUND

In 1978, Student Loan Fund of Idaho, Inc., was established as an Idaho nonprofit corporation "to promote education for Idaho students ... by any legal means including the promotion of loans, grants and other financial assistance to students." SLFI was designated by the state of Idaho to serve as the state's nonprofit guaranty agency and to obtain the benefits of the Higher Education Act. SLFI is exempt from federal and state income taxes because of its charitable and educational purposes. In 1979, SLFI created the Student Loan Fund of Idaho Marketing Association ("IMA"), a corporation. IMA is authorized to operate as a student loan secondary market, allowing Idaho lenders to sell student loan portfolios in order to provide funding to meet the needs of Idaho students. IMA purchases and services student loans that have not been defaulted and are subject to the SLFI guarantee. IMA is also exempt from federal and state income taxes because of its charitable and educational purposes.

From 1978 to June 1994, SLFI assisted in making financial aid and interest benefits available to all eligible post-secondary students in Idaho. During that period, SLFI guaranteed $400,000,000 in student loans by entering into contractual agreements with lending institutions that required guaranteeing student loans for a fee. In 1994, SLFI's role of assisting students to obtain educational loans ceased. Since then, SLFI's role largely has been to continue ongoing servicing requirements on outstanding loans from the earlier period. In 1999, SLFI had approximately $60,000,000 in outstanding loan guarantees and a default portfolio of $40,000,000. The guarantee obligations continue until the loans are repaid or SLFI pays a guaranty claim due to a student's failure to repay the loan. If SLFI becomes insolvent or is otherwise unable to meet the obligations of the defaulted loans, the defaulted loans would be assigned to the U.S. Department of Education and the obligation to collect or to write off the loans would fall upon the federal government. Upon dissolution, the remaining funds and assets of SLFI are to be used exclusively for charitable, scientific and educational purposes.

The subject property owned by SLFI consists of 60 acres located in Payette County, Idaho. Thirty acres of the land are farmed for no charge in exchange for maintaining SLFI's grounds. The remaining 30 acres consist of 25 acres of lawn area, a 26,408 square-foot office building, a small house and a garage. The office building houses both SLFI and IMA.

In June 1999, SLFI applied for a property tax exemption under I.C. § 63–602C based upon its charitable purposes, and under I.C. § 63–602E because of its educational purpose. SLFI was notified by letter that the Board of Equalization ("BOE") denied its application. The BOE found that SLFI was not a charity and denied the application for exemption for that reason. SLFI appealed the BOE's decision to the Board of Tax Appeals ("BTA"). Following a hearing, the BTA issued a decision affirming the denial of SLFI's application. SLFI requested reconsideration of the BTA's decision, to which the BTA issued an amended decision affirming the denial of SLFI's application. The BTA decided that SLFI did not meet the charitable organization requirements of I.C. § 63–602C. The BTA also determined that because SLFI's property was not exclusively

used for educational purposes, it did not meet the requirements of I.C. § 63–602E.

SLFI then petitioned for review by the district court. The district court conducted a *de novo* review pursuant to I.C. § 63–3812(c) and determined that SLFI was a charitable organization after applying the factors announced in *Canyon County v. Sunny Ridge Manor,* 106 Idaho 98, 103, 675 P.2d 813, 818 (1984). However, the district court upheld the BOE's and BTA's denial of SLFI's application on the ground that SLFI's property was not being used exclusively by SLFI for the charitable purposes for which it was organized. SLFI appeals, arguing that the district court erred in finding that SLFI's property was not exclusively used for its charitable purpose. By cross-appeal, Payette County contends that the district court erred in finding that SLFI is a charitable organization.

## STANDARD OF REVIEW

Idaho Code § 63–3812(c) provides that appeals from the board of tax appeals to the district court:

> shall be heard and determined by the court without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court. The court may affirm, reverse or modify the order, direct the tax collector of the county or the state tax commission to refund any taxes found in such appeal to be erroneously or illegally assessed or collected or may direct the collection of additional taxes in proper cases.

On appeal, this Court will not disturb the district court's factual findings if supported by substantial and competent evidence. *Ada County Assessor v. Roman Catholic Diocese of Boise,* 123 Idaho 425, 427, 849 P.2d 98, 100 (1993). However, this Court is not bound by the legal conclusions of the district court, and will freely draw its own conclusions from the facts presented. *Id.* at 428, 849 P.2d at 101.

Interpretation of the requirements for charitable exemptions from property tax are questions of law over which this Court exercises free review. *Housing Southwest,*

*Inc. v. Washington Co.,* 128 Idaho 335, 337, 913 P.2d 68, 70 (1996).

Statutes granting exemptions, which exist as a matter of legislative grace, are strictly construed against the taxpayer and in favor of the state. The burden is on the claimant taxpayer to clearly establish a right of exemption and the terms of the exemption must be so specific and certain as to leave no room for doubt. An exemption cannot be sustained unless it is within the spirit as well as the letter of the law. The courts are bound by the statute and cannot create or extend by judicial construction an exemption not specifically authorized. *Evangelical Lutheran Good Samaritan Soc. (Good Samaritan Village) v. Latah Co.,* 119 Idaho 126, 129, 804 P.2d 299, 302 (1990). SLFI must satisfy its burden and clearly establish a right to the exemption provided in the statute before an exemption pursuant to the statute will be granted. *Id.*

## DISCUSSION

SLFI asserts that there is substantial evidence in the record to support that it is a charitable organization and that the property was being used exclusively for charitable purposes. The County argues that SLFI is not a charitable organization and even if this Court finds that SLFI is charitable, the property is not exclusively used for charitable purposes and therefore should not be exempt from property taxes under I.C. § 63–602C. The County further contends that SLFI should not be allowed to obtain a partial tax assessment on the building because SLFI raised the question of partial assessment for the first time on appeal.

Idaho Code § 63–602C provides:

> The following property is exempt from taxation: property belonging to any fraternal, benevolent, or charitable corporation or society ... used exclusively for the purposes for which such corporation or society is organized; provided, that if any building or property belonging to any such corporation or society is leased by such owner or if such corporation or society uses such property for business purposes from which a revenue is derived which, in the case of a

charitable organization, is not directly related to the charitable purposes for which such charitable organization exists, then the same shall be assessed and taxed as any other property, and if any such property is leased in part or used in part by such corporation or society for such purposes the assessor shall determine the value of the entire building and the value of the part used or leased for commercial purposes. If the value of the part used for commercial purposes is determined to be three percent (3%) or less than the value of the entirety, the whole of said property shall remain exempt. If the value of the part used for commercial purposes is determined to be more than three percent (3%) of the value of the entirety, the assessor shall assess such proportionate part of such building including the value of the real estate as is so leased or used for such purposes, and shall assess all merchandise kept for sale, and the trade fixtures used in connection with the sale of such merchandise; provided however, that the lease or use of any property by any such corporation or society for athletic or recreational facilities, residence halls or dormitories, meeting rooms or halls, auditoriums or club rooms within the purposes for which such corporation or society is organized, shall not be deemed a business or commercial purpose, even though fees or charges be imposed and revenue derived therefrom.

■ Idaho Code § 63–602C has two initial requirements. These are: first, the property must belong to a charitable organization and second, that the property be used exclusively for the purpose for which the corporation was organized. *Boise Cent. Trades & Labor Council, Inc. v. Board of Ada County Com'rs,* 122 Idaho 67, 72, 831 P.2d 535, 540 (1992). If either of these two requirements are not met, then no exemption should be granted. *Id.*

This Court in *Roeder Holdings, L.L.C. v. Board of Equalization,* 136 Idaho 809, 813, 41 P.3d 237, 241 (2001) held "[a] claim of exemption from tax must be justified, if at all, by the terms of the statute." Further, in *Housing Southwest, Inc. v. Washington Co.,* this Court held:

"The basis of tax exemptions is the accomplishment of a public purpose and not the favoring of particular persons or corporations at the expense of taxpayers generally. Determination of a corporation's charitable status must be made on a case-by-case basis, considering the particular circumstances of the individual corporation. The determination is not susceptible of the application of hard and fast rules.

There are several considerations which courts have looked to as determining an organization's charitable status:

(1) the stated purposes of its undertaking, (2) whether its functions are charitable, (3) whether it is supported by donations, (4) whether the recipients of its services are required to pay for the assistance they receive, (5) whether there is general public benefit, (6) whether the income received produces a profit, (7) to whom the assets would go upon dissolution of the corporation, and (8) whether the "charity" provided is based on need.

This is not an exclusive list of factors, and some of the factors may not apply in every case.

128 Idaho at 338, 913 P.2d at 71 (citations omitted).

■ The requirements for determining an organization's charitable status are themselves a matter of law, but whether the requirements have been met in a specific case is a question of fact. *Bogus Basin Recreational Ass'n, Inc. v. Boise County Bd. of Equalization,* 118 Idaho 686, 688, 799 P.2d 974, 976 (1990).

## A. Charitable Organization

■ SLFI does not challenge the favorable decision of the district court that SLFI is a charitable organization for the purpose of qualifying under I.C. § 63–602C for a property tax exemption. By cross-appeal, however, the County takes issue with the district court's conclusion in that regard.

The County's challenge to the district court's conclusion is well taken. The district court's factual determination that SLFI was

a charitable organization in 1999 for tax purposes lacks support by substantial, competent evidence in one important respect. The critical factor that compromises the district court's balancing process is in regard to the receipt by SLFI of income from donations and from rent. The undisputed evidence showed that SLFI received "support fees" from IMA in 1999 in the amount of $434,282. The district court found that the support fees paid by IMA to SLFI were donations and were used to strengthen SLFI's financial position by eliminating the deficit in SLFI's operating account. The district court also found that "the support fees compensated SLFI for the use of its building and equipment". That the money was used to strengthen SLFI's financial position is irrelevant. The district court did not find, nor does the evidence indicate, what portion of the "support fees" can be characterized as entirely a donation or what portion was truly compensation or rent for the use of SLFI's building and equipment. Because IMA received the use of SLFI's property in exchange for the money, it is more logical to conclude that the money was paid, and received, as rent than to conclude that it was entirely a donation without *quid pro quo*.

This Court holds that the district court's finding that SLFI was a charitable organization because of donative income is not supported by substantial competent evidence and is clearly erroneous because the evidence demonstrates that the same income was more likely than not rental income. The district court's conclusion cannot be upheld. We vacate the district court's decision that SLFI was a charitable organization in 1999 for property tax purposes.

Although it might appear appropriate to remand this case to the district court to reapply the *Sunny Ridge Manor* balancing factors after considering further evidence on the question of donations and rent as income, we conclude that such a disposition is not necessary, because of the ultimate decision reached by the district court with respect to the exclusivity of use of the SLFI property. We turn to discussion of that issue, concluding that even if the district court could properly determine that SLFI was a charitable

organization, the exemption for tax purposes was not established.

### B. Exclusive Use

The next inquiry is whether SLFI exclusively uses its real property for charitable purposes under I.C. § 63–602C. " 'It will be observed that the exemption depends solely upon the use of the property, and not upon the ownership, nor the character, charitable or otherwise, of the owner. It is purely a property exemption. Language of exemption statutes must be given its ordinary meaning.' " *Sunset Mem'l Gardens, Inc. v. Idaho State Tax Commission,* 80 Idaho 206, 218, 327 P.2d 766, 773 (1958) (quoting *Bistline v. Bassett,* 47 Idaho 66, 71, 272 P. 696, 697 (1928)).

The district court found that the 38.45 acres of grain field, 16 acres of lawn, .45 acre ditchbank, house and office building were not exclusively used by SLFI for the charitable purposes for which SLFI was organized. The district court found that the grain field is being used without charge by the farmer from whom SLFI purchased the land, so that it would give the proper appearance; SLFI contended that the field and lawn needed to look "substantial" to make a favorable impression on the public and bankers. The district court found that the house is being used by a person who provides janitorial and security services for SLFI.

The district court found that SLFI uses the building and equipment to conduct its operations. The district court further found:

> IMA shares the facility and also uses both the building and equipment in its business operations. IMA pays SLFI "support fees" which testimony establishes were paid, at least in part, to cover the costs of IMA's use of the building and equipment. The support fees paid by IMA are used by SLFI as operational funds from which SLFI pays its operating expenses as well as claims relating to its student loan guarantees.

> IMA does not lease the building or any part of it from SLFI. The testimony does not reflect that IMA occupies any designated portion of the building. Rather the contract workers of both entities work

throughout the entire building. Neither is there any lease of all or any part of the office equipment.

In essence we have SLFI and another arguably charitable institution sharing one facility and the office equipment. IMA's stated charitable purpose is: "for the purpose of acquiring student loan notes ..." While related to and complimentary of the purposes for which SLFI is organized—"to promote the education of Idaho students,"—the stated purposes and operations of the two organizations are, in fact, fundamentally different. To qualify for a tax exemption under I.C. § 63–602C, the property must by [sic] "used exclusively for the purposes for which such corporation ... is organized." Here the office building and equipment are not being used exclusively for the charitable purposes for which SLFI is organized. To hold otherwise would be to extend an exemption statute by judicial construction where not specifically authorized. Such extension by judicial construction has long been prohibited in Idaho.

It is apparent that a majority of the property held by SLFI is not being exclusively used by SLFI for its charitable purpose. The grain field, lawn, ditch and house are not exclusively used by SLFI for the charitable purpose for which it was organized. Therefore, this Court holds that those properties held by SLFI do not qualify for exemption.

■ The office building is used by SLFI to continue its operations and could be considered for exemption. The district court very succinctly found that SLFI, by allowing IMA to freely occupy its entire building, was not using the property exclusively for the charitable purposes for which it was organized. The evidence shows that the building was being used by both SLFI and IMA. However, the evidence does not show that IMA was a charitable organization organized for the same purpose that SLFI was created. "Where use is the criterion, the exemption is lost if the property is appropriated to other uses." *Bistline v. Bassett*, 47 Idaho 66, 71, 272 P. 696, 697 (1928). The district court's finding is supported by substantial, competent evidence in the record before this Court.

This Court therefore holds that the district court did not err by denying the exemption for SLFI's failure to exclusively use its office building and equipment for the charitable purposes for which it was organized.

■ Pursuant to I.C. § 63–602C, the property taxes may be apportioned. However, the County argues it was improper for SLFI to request this Court to apportion the taxes since SLFI did not request apportionment at any time in the prior proceedings. This Court has held "if any building or property belonging to a charitable organization, or any part of such building or property, is leased, to anyone, then the building or property is subject to assessment and taxation unless it constitutes less than 3 percent of the value of the entire building or property." *Bogus Basin Recreational Ass'n, Inc. v. Boise County Bd. of Equalization*, 118 Idaho 686, 688, 799 P.2d 974, 976 (1990). Although there is technically no lease between SLFI and IMA, the evidence shows that SLFI received remuneration, described as "support fees" from IMA, in exchange for IMA's use of the building. Furthermore, the evidence does not show that IMA occupies any discrete portion of the SLFI building. It appears that both organizations fully occupy the entire building without any limitation on the areas where each may conduct its business. Under this arrangement, each organization evidently uses at least fifty percent of the building. SLFI has not shown that IMA leases less than three percent of the value of the entire of the building and, therefore, the SLFI property does not qualify for full exemption. The record shows that IMA has free use of the office building and equipment and its employees are half of the employees that work at the SLFI building.

The burden is on SLFI to clearly establish a right of exemption and the terms of the exemption must be so specific and certain as to leave no room for doubt. *Evangelical Lutheran Good Samaritan Soc. (Good Samaritan Village) v. Latah Co.*, 119 Idaho 126, 129, 804 P.2d 299, 302 (1990). SLFI did not raise the question of whether it should receive a partial tax assessment pursuant to I.C. § 63–602C until this appellate proceeding. Consequently, a record has not been

made, nor has there occurred any ruling for review, from which this Court can ascertain SLFI's entitlement to such an exemption.

## CONCLUSION

SLFI is not entitled to a tax exemption pursuant to I.C. § 63-602C. This Court affirms the decision of the district court denying the exemption. Costs on appeal are awarded to the respondent, Payette County. No attorney fees are awarded.

Chief Justice TROUT and Justices KIDWELL, EISMANN and Justice pro tem SCHWARTZMAN concur.