**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket Nos. 35639/35681**

| | | |
|---|---|---|
| JOHN DOE I, JOHN DOE II, and RONALD MORGAN, | ) ) ) | |
| Plaintiffs-Respondents, | ) ) ) | Boise, December 2009 Term |
| v. | ) ) ) | 2009 Opinion No. 152 |
| BOY SCOUTS OF AMERICA, a corporation, and ORE-IDA COUNCIL, INC., BOY SCOUTS OF AMERICA, an Idaho corporation, | ) ) ) ) ) | Filed: December 29, 2009 Stephen W. Kenyon, Clerk |
| Defendants-Appellants. | ) ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Michael McLaughlin, District Judge.

The district court's order is <u>reversed</u> and the case is <u>remanded</u>.

Moffatt, Thomas, Barrett, Rock, & Fields, Chtd., Boise, for appellant Boy Scouts of America. Gary T. Dance argued.

Hall, Farley, Oberrecht, & Blanton, P.A., Boise, for appellant Ore-Ida Council, Inc., Boy Scouts of America. Richard E. Hall argued.

Pfau, Cochran, Vertetis, Kosnoff, L.L.P., Seattle, WA, Chasan & Walton, L.L.C., Boise, and James, Vernon, & Weeks, Couer d'Alene, for respondents. Timothy C. Walton argued.

_____

J. JONES, Justice.

The Boy Scouts of America and the Ore-Ida Council, Inc., Boy Scouts of America (collectively the BSA) were granted a permissive interlocutory appeal to challenge the district court's ruling that the claims asserted in this case by Ronald Morgan, John Doe I, and John Doe II (collectively the Does) are not barred by the statute of limitations. We reverse and remand for further proceedings.

1

# I.

## Factual and Procedural History

Between 1979 and 1980, Morgan alleges that he was abused by James Schmidt in the course of his participation in a Boy Scout program in Nampa, Idaho. Morgan alleges that, under the guise of giving him a ride home after a scouting event, Schmidt took Morgan to Schmidt's home and made sexual advances toward Morgan. Doe I alleges that he was subjected to continuous abuse at Schmidt's hands in the spring and summer of 1982. Doe I alleges that Schmidt sodomized him and forced him to perform sex acts with his cousin while Schmidt watched and to observe while Schmidt performed sex acts on his cousin. Doe I alleges that the abuse occurred during Boy Scout camping trips, in the attic of Boy Scout headquarters in Boise, and at a ward building of the LDS church. Doe II makes general allegations of abuse against Schmidt, occurring from the time he was twelve to fourteen years of age, during Doe II's participation in various scouting programs offered in Caldwell, Idaho.

The Does allege that Boy Scout Executive Rex Black and Associate Director Vern Dunn were made aware of Schmidt's inappropriate activities beginning in 1979, and that the BSA may have been on notice of Schmidt's actions as early as 1977.[1] The Does also allege that, despite this notice, Schmidt was registered as a scouting coordinator for the BSA in 1982. Black allegedly denied Schmidt's registered status with the BSA in statements to the news media after Schmidt was arrested, and subsequently committed by the court for pedophilia treatment in 1983. The Does also allege that LDS church officials, Bishop Gordon Sanderson and Stake President Jerry Hess, received complaints about Schmidt's activities and discussed those complaints with the BSA. LDS officials also allegedly informed the BSA that Schmidt had been asked to cease his scouting activities in the area as a result of the complaints received.

The Idaho Legislature enacted Idaho Code title 6, chapter 17 in 1989, providing a cause of action for child sexual abuse. The cause of action first became available on July 1, 1989. On July 1, 2007, a legislative amendment to Idaho Code sections 6-1607, 6-

---

[1] Vern Dunn passed away in 1984 and Rex Black passed away in 1999.

1701, and 6-1704 went into effect.[2] That amendment added a discovery clause to Idaho Code section 6-1704, allowing a child-abuse victim to bring a claim against an abuser or his employer "within five (5) years of the time the child discovers or reasonably should have discovered the act, abuse or exploitation and its causal relationship to an injury or condition suffered by the child, which ever occurs later." I.C. § 6-1704. Morgan and John Doe I filed their original complaint on July 9, 2007, making the above allegations and seeking recovery from the BSA under Idaho Code section 6-1701 for failure to act on its notice of Schmidt's activities and remove him from his scouting duties. The Does amended their complaint on July 27, 2007, to add the claims of Doe II.

The Boy Scouts of America and Ore-Ida Council each filed separate answers to the Does' First Amended Complaint. The BSA organizations each asserted sixteen affirmative defenses, including the statute of limitations, and made general denials of most of the allegations listed above; however, a few items were specifically admitted. Ore-Ida admitted that it received some complaints about Schmidt's behavior in 1979, Black met with Schmidt and obtained his agreement not to assist other units or help with camping outings, it contacted Hess about allegations against Schmidt, and it contacted the organization that chartered Schmidt's scout troop and was unable to come up with sufficient information to place Schmidt on inactive status in its volunteer files. Both organizations deny that Black was an executive with either of them or that any kind of agency relationship existed between Black and either organization.

After answering, the BSA moved to dismiss under I.R.C.P. 12(b)(6) on the ground that the Does' claims were barred by the statute of limitations. The district court denied the motion, finding that the legislative history of House Bill 125, which amended the applicable statute of limitations in Idaho Code section 6-1704, clearly demonstrated legislative intent to allow a claim similar to the Does' to be asserted when the nature of the damage resulting from the abuse was discovered, even if that discovery occurred many years after the abuse. The district court found that this application of the statute was consistent with previous applications of the discovery doctrine in Idaho and did not result in an unconstitutional, retroactive application of the statute or revival of a cause of action.

---

[2] The amendments were accomplished by the passage of 2007 House Bill Number 125. 2007 Idaho Sess. Law 375.

The BSA was granted a permissive interlocutory appeal by motion to this Court under I.A.R. 12(c), and each organization filed a notice of appeal. On appeal, the BSA argues that the district court erred in: (1) allowing the Does' section 6-1701 claim because it is an improper retroactive application of a statute in violation of section 73-101; (2) finding that the Does' section 6-1701 claims are not barred by the applicable statute of limitations; and (3) finding that application of the statute of limitations in section 6-1704 to the Does' claims does not violate the BSA's due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 13 of the Idaho Constitution. Because we find that the nature of the Does' claims precludes application of the statutory scheme in Idaho Code title 6, chapter 17, we decline to address the remaining issues on appeal.

## II.

### Issue Presented on Appeal

We address the scope of liability created under Idaho Code title 6, chapter 17, and whether that scope precludes application of the statutory scheme to events that occurred prior to July 1, 1989. We also determine whether the Does are entitled to attorney fees on appeal.

### A.

### Standard of Review

The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Doe*, 147 Idaho 326, 328, 208 P.3d 730, 732 (2009). The purpose of statutory interpretation is to ascertain and "give effect to legislative intent." *Id.* Statutory interpretation begins with the literal words of a statute, which are the best guide to determining legislative intent. *Id.* The words of a statute should be given their plain meaning, unless a contrary legislative purpose is expressed or the plain meaning creates an absurd result. *Id.* If the words of the statute are subject to more than one meaning, it is ambiguous and this Court must construe the statute "to mean what the legislature intended it to mean. To determine that intent, [this Court] examine[s] not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *Id.* (quoting *Hayden Lake Fire Protection Dist. v. Alcorn,* 141 Idaho 388, 398–99, 111 P.3d 73, 83–84 (2005)).

4

**B.**

**Creation of New Cause of Action**

The BSA argues that the district court erred in failing to dismiss this case because the court's ruling allows for a retroactive revival of time-barred claims in violation of Idaho Code section 73-101. The BSA also argues that even if the statute of limitations provision in Idaho Code section 6-1704 does not violate section 73-101, the claims presented in this case are still barred by the statute of limitations. The BSA argues that because the alleged abuse in this case occurred before the provisions of chapter 17 of title 6 were enacted, the statute of limitations in Idaho Code section 5-219 and the statute of repose in section 5-230 apply, thus barring the Does' claims. Finally, the BSA argues that allowing the claims would deny them due process of law by robbing them of a vested property right. The Does argue their claims are not barred because they accrued within the period of time allowed by the newly amended discovery statute of limitations in Idaho Code section 6-1704. We find it unnecessary to reach the statute of limitations issues because of the nature of a cause of action under Idaho Code title 6, chapter 17.

Contrary to assumption of the parties, both in briefing and at oral argument, Idaho Code title 6, chapter 17 does not simply codify the common law, but creates a new cause of action.[3] While the parties are in agreement that the Does' claims for battery were time barred years ago under Idaho Code section 5-219(4), they appear to assume that a common law battery claim is synonymous with a claim made pursuant to Idaho Code section 6-1701. That is not the case. Idaho Code section 6-1701 expands the scope of liability for injury to a child beyond that of traditional tort liability.

Section 6-1701 allows an action to be brought by or on behalf of a child against any person who has: (a) committed lewd conduct against the child as defined in Idaho Code section 18-1508; (b) sexually abused the child as defined in Idaho Code section 18-1506; (c) sexually exploited the child as defined in Idaho Code section 18-1507; or (d) injured the child as defined in Idaho Code section 18-1501. While some of the actions encompassed within these code sections would have probably given rise to liability at common law under intentional tort and negligence theories, the scope of the liability

---

[3] Indeed, the short title of the legislation creating chapter 17 (chapter 47 of the Idaho 1989 Idaho Session Laws), stated it to be the purpose of the legislation "to create a civil cause of action in child abuse cases."

5

created is substantially different than that of common law torts. In some respects, the liability created is broader because acts which would not have been actionable as assault or battery under the common law do give rise to liability under section 6-1701 but, on the other hand, the acts giving rise to liability contain additional elements that do not apply in the case of assault or battery. In essence, section 6-1701 provides a civil remedy for the four designated criminal provisions, each of which has distinct elements that were not subject to civil remedial action under the common law. The enactment of section 6-1701 provided a new civil remedy for those subjected to acts criminalized by the four specified provisions, which remedy is separate from, and in addition to, the traditional common law assault or battery remedy available to abuse victims. The remedy provided in Idaho Code Title 6, chapter 17, is broader in scope for claimants who can establish the specific elements of the four criminal provisions.

Because the scope of liability imposed under Idaho Code title 6, chapter 17 substantially differs from that available under the common law, the statutory scheme cannot be retroactively applied. "A statute will not be given a retroactive construction by which it will impose liabilities not existing at the time of its passage." *Ford v. City of Caldwell*, 79 Idaho 499, 509, 321 P.2d 589, 594 (1958). While procedural and remedial statutes can be given retroactive effect, a statute that creates a right to damages where none previously existed cannot be considered to be remedial. *State ex rel. Wasden v. Daicel Chem. Indus.,* 141 Idaho 102, 106, 106 P.3d 428, 432 (2005). Damages and punishments are substantive law. *Id.* Consequently, regardless of when the Does' cause of action would have accrued under the amended statutory scheme, the statute cannot be applied to the conduct that gave rise to the cause of action because it occurred between 1979 and 1983, at least six years before the statute was enacted. Thus, the BSA cannot be held accountable for behavior that was not actionable at the time it occurred.

## C.

### Attorney Fees

The Does argue that they are entitled to attorney fees under Idaho Code section 6-1703. Section 6-1703 provides that the prevailing party in an action under title 6, chapter 17 shall be entitled to attorney fees and costs. I.C. § 6-1703. Where the appeal is interlocutory in nature and the action will be remanded for further proceedings, neither

6

party is the prevailing party on appeal. *Thomas v. Med. Ctr. Phys., P.A.*, 138 Idaho 200, 211, 61 P.3d 557, 568 (2002). Further, because we find that the district court improperly denied the BSA's motion to dismiss, the Does would not be prevailing parties even if the appeal was not interlocutory in nature. Accordingly, because the Does are not prevailing parties, they are not entitled to fees under Idaho Code section 6-1703.

## III.

Because the statutory scheme created a new cause of action that did not exist at the time of events giving rise to liability, the district court order refusing dismissal is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.