# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41256

| | | |
|---|---|---|
| IDAHO YOUTH RANCH, INC., IDAHO YOUTH RANCH NAGEL CENTER, LLC., | ) ) ) | Boise, August 2014 Term |
| Petitioner-Appellant, | ) ) | 2014 Opinion No. 97 |
| v. | ) ) | Filed: September 19, 2014 |
| ADA COUNTY BOARD OF EQUALIZATION, | ) ) ) | Stephen Kenyon, Clerk |
| Respondent. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

The judgment of the district court is <u>affirmed</u>.

Law Office of John B. Hinton, Boise, for appellant. John B. Hinton argued.

Ada County Prosecuting Attorney, Boise, for respondent. Gene A. Petty argued.

_____

HORTON, Justice.

The Ada County Board of Equalization (the BOE) denied an application for a property tax exemption made by the Idaho Youth Ranch, Inc. (the Youth Ranch) and Idaho Youth Ranch Nagel Center, LLC (the LLC). The Idaho Board of Tax Appeals affirmed that decision. The Youth Ranch and the LLC then sought judicial review. Ruling on the parties' cross-motions for summary judgment, the district court held that the property was not exempt from taxation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August of 2006, Nagel Beverage Company (Nagel) approached the Youth Ranch and the Idaho Youth Ranch Foundation, Inc., about the sale of the real property and improvements at 5465 Irving Street in Boise. Nagel was looking to sell the property as part of a 1031 exchange and offered it to the Youth Ranch for $1,136,000 below the appraised value as a noncash

donation. The Youth Ranch wanted to purchase the property and began to explore financing options with Key Bank.

In order to expedite the loan approval and to secure a favorable interest rate, Key Bank encouraged the Youth Ranch to form a separate LLC to purchase and hold the property.[1] The Youth Ranch did so, and the LLC was formed on August 15, 2006, for the purpose of purchasing and holding the property. The sole member of the LLC was the Idaho Youth Ranch Foundation, Inc. After acquiring the property on August 24, 2006, the LLC and the Youth Ranch entered into a twenty-five year triple-net commercial lease. Under the terms of the lease, the LLC was the landlord, and the Youth Ranch was the tenant. The rent under the lease agreement was a monthly amount of "$25,000, or an amount equal to [the LLC's] mortgage payment on the premises, whichever is greater…."

The Youth Ranch and the LLC applied for a property tax exemption for the year 2009 pursuant to Idaho Code section 63-602C, claiming that the property belonged to a charitable entity. The BOE denied the application, and the Board of Tax appeals affirmed the denial. The Youth Ranch and the LLC petitioned the district court for judicial review of the Board of Tax Appeals' decision. The parties filed cross-motions for summary judgment, agreeing that there were no genuine issues of material fact and that the district court could decide the case as a matter of law. The district court issued its memorandum decision on June 19, 2013. To determine whether the LLC was a charitable organization, the district court applied the eight-factor test this Court articulated in *Appeal of Sunny Ridge Manor, Inc.*, 106 Idaho 98, 675 P.2d 813 (1984). The district court concluded:

> Applying the factors that the Idaho Supreme Court has set forth, and looking at the totality of this case, the Court concludes that the LLC was not a charitable limited liability company within the meaning of Idaho Code § 63-602C; therefore, the property owned by the LLC is not exempt from taxation.

The district court issued its judgment on June 19, 2013, affirming the Board of Tax Appeals' decision denying the application for a property tax exemption. The Youth Ranch and the LLC timely appealed.

---

[1] KeyBank encouraged the Youth Ranch to form a separate LLC to purchase and hold the property in order to capitalize on lower interest rates under a financing plan that would take advantage of the New Market Tax Credits Program. The Youth Ranch owned other properties. In order to qualify for the financing plan, each of those properties would need to meet the requirements of the New Market Tax Credits Program. As Nagel was required to sell the property quickly to complete the 1031 exchange, rather than demonstrating that each property owned by the Youth Ranch met the requirements of the New Market Tax Credits Program, it was deemed preferable to create the LLC to purchase and hold the property.

## II. STANDARD OF REVIEW

Idaho Code section 63-3812 governs appeals from the Board of Tax Appeals. This statute provides that the district court is to decide the appeal "without a jury in a trial de novo on the issues in the same manner as though it were an original proceeding in that court." I.C. § 63-3812(c). Thus, "this Court defers to the district court's findings of fact that are supported by substantial evidence, but exercises free review over the district court's conclusions of law." *Kimbrough v. Idaho Bd. of Tax Appeals*, 150 Idaho 417, 420, 247 P.3d 644, 647 (2011) (quoting *Canyon Cnty. Bd. of Equalization v. Amalgamated Sugar Co.*, 143 Idaho 58, 60, 137 P.3d 445, 447 (2006)). When reviewing a grant of summary judgment, this Court employs the same standard as the district court. *Cnty. of Boise v. Idaho Cntys. Risk Mgmt. Program, Underwriters*, 151 Idaho 901, 904, 265 P.3d 514, 517 (2011). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "The interpretation of a statute is a question of law subject to free review." *Kimbrough*, 150 Idaho at 420, 247 P.3d at 647 (citing *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009)). "Interpretation of the requirements for charitable exemptions from property tax are questions of law over which this Court exercises free review." *Student Loan Fund of Idaho, Inc. v. Payette Cnty.*, 138 Idaho 684, 687, 69 P.3d 104, 107 (2003) (citing *Housing Southwest, Inc. v. Washington Co.*, 128 Idaho 335, 337, 913 P.2d 68, 70 (1996)).

## III. ANALYSIS

The sole issue before this Court on appeal is whether the district court erred when it found that the LLC was not entitled to the charitable property tax exemption. The governing statute is Idaho Code section 63-602C, which provides:

> The following property is exempt from taxation: property belonging to any fraternal, benevolent, or charitable limited liability company, corporation or society, the World War veteran organization buildings and memorials of this state, used exclusively for the purposes for which such limited liability company, corporation or society is organized; provided, that if any building or property belonging to any such limited liability company, corporation or society is leased by such owner or if such limited liability company, corporation or society uses such property for business purposes from which a revenue is derived which, in the case of a charitable organization, is not directly related to the charitable purposes for which such charitable organization exists, then the same shall be assessed and taxed as any other property, and if any such property is leased in part or used in part by such limited liability company, corporation or society for such purposes

3

the assessor shall determine the value of the entire building and the value of the part used or leased for commercial purposes. If the value of the part used for commercial purposes is determined to be three percent (3%) or less than the value of the entirety, the whole of said property shall remain exempt. If the value of the part used for commercial purposes is determined to be more than three percent (3%) of the value of the entirety, the assessor shall assess such proportionate part of such building including the value of the real estate as is so leased or used for such purposes, and shall assess the trade fixtures used in connection with the sale of all merchandise; provided however, that the lease or use of any property by any such limited liability company, corporation or society for athletic or recreational facilities, residence halls or dormitories, meeting rooms or halls, auditoriums or club rooms within the purposes for which such limited liability company, corporation or society is organized, shall not be deemed a business or commercial purpose, even though fees or charges be imposed and revenue derived therefrom.

The district court carefully considered the text of this statute, and concluded that application of its plain language would be dispositive, if not for our previous decision in *Boise Central Trades & Labor Council, Inc. v. Bd. of Ada Cnty. Comm'rs*, 122 Idaho 67, 831 P.2d 535 (1992).[2] The district court stated:

> According to the plain language of the statute, if a property is leased by the owner, the property is not exempt from taxation. The plain language of the statute does not require an analysis of the purpose of the lease – whether commercial or charitable. The purpose of the lease is irrelevant.

The district court then identified the statutory language it perceived would be controlling: "if any building or property belonging to any such limited liability company, corporation or society is leased by such owner . . . then the same shall be assessed and taxed as any other property. . . ." The district court concluded:

> If this Court were to apply the plain language of the statute as written, the Court would find that the property at issue is not exempt from taxation for the sole reason that the property at issue was leased. Under the plain language, that is the beginning, middle, and end of the inquiry. It was leased, it is not exempt.

The district court then considered our decision in *Boise Central*, concluding that it was constrained to determine whether the LLC was a charitable limited liability, applying the eight criteria identified by this Court in *Appeal of Sunny Ridge Manor, Inc.*, 106 Idaho 98, 100, 675 P.2d 813, 815 (1984). The district court's conclusion is understandable in light of *Boise Central*, where this Court stated: "it is clear that the legislature intended to exclude from exemption only

---

[2] When this Court considered *Boise Central* in 1992, it was interpreting Idaho Code section 63-105C, a predecessor to Idaho Code section 63-602C that contained nearly identical text.

those portions of an otherwise exempt property which are leased or used for *commercial purposes.*" 122 Idaho at 72, 831 P.2d at 540 (emphasis in original).

Because we agree with the district court's view that the plain language of Idaho Code section 63-602C is controlling, we revisit our decision in *Boise Central*. There, we said:

> To better understand what is deemed a "lease" for purposes of I.C. § 63–105C, a look at the entire language of the statute is necessary. Such an analysis can be made easier if the statute is broken into five parts as follows:
>
> **63–105C. Property exempt from taxation—Fraternal, benevolent, or charitable corporations or societies.—[1]** The following property is exempt from taxation: Property belonging to any fraternal, benevolent, or charitable corporation or society, the World War veteran organization buildings and memorials of this state, used exclusively for the purposes for which such corporation or society is organized; **[2]** provided, that if any building or property belonging to any such corporation or society is leased by such owner or if such corporation or society uses such property for business purposes from which a revenue is derived which, in the case of charitable organization, is not directly related to the charitable purposes for which such charitable organization exists, then the same shall be assessed and taxed as any other property, **[3]** and if any such property is leased in part or used in part by such corporation or society for such purposes the assessor shall determine the value of the entire building [and the value of the part used or leased for commercial purposes. If the value of the part used for commercial purposes is determined to be three percent (3%) or less than the value of the entirety, the whole of said property shall remain exempt. **[4]** If the value of the part used for commercial purposes is determined to be more than three percent (3%) of the value of the entirety, the assessor shall] (and) assess such proportionate part of such building including the value of the real estate as is so leased or used for such purposes, and shall assess all merchandise kept for sale, and the trade fixtures used in connection with the sale of such merchandise [; **[5]** provided, however, that the lease or use of any property by any such corporation or society for athletic or recreational facilities, residence halls or dormitories, meeting rooms or halls, auditoriums or club rooms within the purposes for which such corporation or society is organized, shall not be deemed a business or a commercial purpose, even though fees or charges be imposed and revenue derived therefrom].

*Id.* at 71-72, 831 P.2d at 539-40 (bracketed material in original). Based upon this view of the structure of the statute, this Court concluded:

5

Working through these five parts of the statute, it is clear that the legislature intended to exclude from exemption only those portions of an otherwise exempt property which are leased or used for *commercial purposes.*

The first section of the statute sets forth the basic requirements to qualify for an exemption under the statute: (1) that the property belong to a fraternal, benevolent or charitable corporation or society; and (2) that the property be used exclusively for the purposes for which the corporation or society was organized. If either of these two requirements are not met, no exemption will be given.

*Id*. at 72, 831 P.2d at 540 (emphasis in original).

"The objective of statutory interpretation is to give effect to legislative intent." *State v. Yzaguirre*, 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007). "Such intent should be derived from a reading of the whole act at issue." *St. Luke's Reg'l Med. Ctr., Ltd. v. Brd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). "Statutory interpretation begins with 'the literal words of the statute, and this language should be given its plain, obvious, and rational meaning.'" *Seward v. Pac. Hide & Fur Depot*, 138 Idaho 509, 511, 65 P.3d 531, 533 (2003) (quoting *Jen–Rath Co. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002)). "If the statutory language is unambiguous, 'the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction.'" *St. Luke's Reg'l Med. Ctr., Ltd.*, 146 Idaho at 755, 203 P.3d at 685 (quoting *Payette River Prop. Owners Assn. v. Bd. of Comm'rs. of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999)). This is because "[t]he asserted purpose for enacting the legislation cannot modify its plain meaning." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892–93, 265 P.3d 502, 505–06 (2011).

It is important to recognize that *Boise Central* involved a case where the fraternal organization leased portions of the real property for both commercial and non-commercial purposes. 122 Idaho at 68, 831 P.2d at 536. We do not question the correctness of the conclusion we reached in that case, namely that "the only lease or rental … which would be deemed a lease for 'commercial purposes' is the renting of office space to the insurance company and the credit union." *Id*. at 72, 831 P.2d at 540.

However, our holding in *Boise Central* is correct only in those circumstances when the property is leased for both commercial and non-commercial purposes. When the entirety of the property is leased, our statement that "the legislature intended to exclude from exemption only those portions of an otherwise exempt property which are leased or used for *commercial purposes*," 122 Idaho at 72, 831 P.2d at 540 (emphasis in original), becomes incorrect. This is

because the analysis of the structure of the statute in *Boise Central* was erroneous in such circumstances. The correct analysis of the structure of Idaho Code section 63-602C follows.

The statute begins:

> The following property is exempt from taxation: property belonging to any fraternal, benevolent, or charitable limited liability company, corporation or society, the World War veteran organization buildings and memorials of this state, used exclusively for the purposes for which such limited liability company, corporation or society is organized;

The effect of this first clause is to provide that property belonging to a fraternal, benevolent or charitable entity is presumptively exempt from taxation. The remainder of the statute defines those circumstances when the exemption does not exist, either in whole or in part.

> provided, that if any building or property belonging to any such limited liability company, corporation or society is leased by such owner

> or if such limited liability company, corporation or society uses such property for business purposes from which a revenue is derived which, in the case of a charitable organization, is not directly related to the charitable purposes for which such charitable organization exists,

> then the same shall be assessed and taxed as any other property,

The plain meaning of the preceding section of the statute is that if *the entirety of the property* is leased or if it is used for revenue-generating purposes which are not directly related to the charitable purposes of the organization, then the property is not exempt from taxation.

The remainder of the statute creates a partial exemption when the property is *leased in part or used in part* for both commercial and non-commercial purposes:

> and if any such property is leased in part or used in part by such limited liability company, corporation or society for such [revenue-generating] purposes the assessor shall determine the value of the entire building and the value of the part used or leased for commercial purposes. If the value of the part used for commercial purposes is determined to be three percent (3%) or less than the value of the entirety, the whole of said property shall remain exempt. If the value of the part used for commercial purposes is determined to be more than three percent (3%) of the value of the entirety, the assessor shall assess such proportionate part of such building including the value of the real estate as is so leased or used for such purposes, and shall assess the trade fixtures used in connection with the sale of all merchandise;

The statute then creates an exception to the general requirement that the portion of the property used for revenue-generating activities be taxed, by defining certain revenue-generating rental activities as non-commercial:

provided however, that the lease or use of any property by any such limited liability company, corporation or society for athletic or recreational facilities, residence halls or dormitories, meeting rooms or halls, auditoriums or club rooms within the purposes for which such limited liability company, corporation or society is organized, shall not be deemed a business or commercial purpose, even though fees or charges be imposed and revenue derived therefrom.

The effect of Idaho Code section 63-602C is to treat properties leased in their entirety differently than those that are leased only in part. Properties owned by charitable organizations that are leased in part may still qualify for a property tax exemption for the portion of the property not leased for "commercial purposes." However, properties leased in their entirety do not qualify for a charitable property exemption under any circumstances.

Accordingly, we do not decide whether the district court correctly decided that the LLC was not a charitable limited liability company.[3] The fact that the LLC rented the entirety of the property to the Youth Ranch is dispositive of this appeal. The district court correctly determined that the property was not exempt from taxation for the 2009 tax year.

### IV. CONCLUSION

We affirm the judgment of the district court and award costs on appeal to Respondent.

Chief Justice BURDICK and Justices EISMANN, J. JONES and Justice Pro Tem WALTERS, **CONCUR**.

---

[3] The determination whether an entity is "fraternal, benevolent, or charitable" is necessary only when it appears that the property may be exempt. There is no exemption under Idaho Code section 63-602C for property that is not owned by such an entity.