(June 19, 1919.)

KOOTENAI COUNTY, a Municipal Corporation, Respondent,
v. SEVEN-SEVEN COMPANY, a Corporation, Appellant.

[182 Pac. 529.]

MOTOR VEHICLES—TAXATION—EXEMPTION.

All property in Idaho, not expressly exempted, is subject to assessment. Exemption from taxation is never presumed.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover money due as taxes on personal property. Judgment for plaintiff. *Affirmed.*

McCarthy & Edge, George D. Lantz and W. H. Bonneville, for Appellant, cite no authorities on point decided.

Bert A. Reed and McFarland & McFarland, for Respondent.

The constitutional provision prescribing equality and uniformity of taxation has no reference to the power of the legislature to pass laws exempting property from taxation. (*People v. Auditor-General,* 7 Mich. 84, 90; *Union Trust Co. v. Common Council,* 170 Mich. 692, 137 N. W. 122.) For the purpose of taxation, classification which is reasonable, based upon some real and substantial distinction, is in harmony with the constitutional provision prescribing equality and uniformity of taxation. (*Board of Trustees of Lawrence University v. Outagamie County,* 150 Wis. 244, 136 N. W. 619; *Chicago & N. W. Ry. Co. v. State,* 128 Wis. 553, 108 N. W. 557; *In re McKennan's Estate,* 27 S. D. 136, Ann. Cas. 1913D, 745, 130 N. W. 33, 33 L. R. A., N. S., 620; *State v. Clement Nat. Bank,* 84 Vt. 167, Ann. Cas. 1912D, 22, 78 Atl. 944; *State v. Birmingham etc. Ry. Co.,* 182 Ala. 475, Ann. Cas. 1915D, 436, 62 So. 77; *In re Gross Production Tax of Wolverine Oil Co.,* 53 Okl. 24, 154 Pac. 362.)

MORGAN, C. J.—This is an appeal from a judgment for a sum of money found to be due to respondent as taxes, for the year 1917, on thirty automobiles kept for sale by appellant, who was a dealer in motor vehicles. The only question in the case is as to whether or not the property in question is exempt from taxation.

C. L., sec. 133:1 (Sess. L. 1913, c. 58, p. 174), is as follows: "All property within the jurisdiction of this state, not expressly exempted, is subject to assessment and taxation." One of the classifications of property so exempted is "motor vehicles properly registered and for which the required fee has, been paid. . . . . " (C. L., sec. 133:4t, Sess. L. 1915, c. 64, p. 168.) C. L., sec. 63:12, declares that, except as in that chapter provided, no motor vehicle shall be operated, or driven upon any public highway or street, until it shall have been registered with the secretary of the state highway commission. In order to procure the registration and licensing of a motor vehicle it is necessary to pay a fee which was, prior to and at the, time the assessment in this case was made (in case of a motor vehicle other than a motorcycle), from $15 to $40, according to the horse-power of the machine to be registered. (Sess. L. 1915, c. 64, p. 166.) These fees were, and are, collected annually and the revenue derived therefrom is used in building and maintaining public roads. (C. L., sec. 63:10a, Sess. L. 1915, c. 64, p. 165.)

It was provided in Sess. L. 1915, c. 64, p. 168, and, as amended, is incorporated in C. L., sec. 63:21, that motor vehicles operated by dealers and manufacturers, for the purpose of testing, demonstrating or selling, shall be exempt from the necessity of individual registration, provided, the dealer or manufacturer shall have registered as such with the Secretary of the State highway commission. That section also prescribes the fee which shall, be paid for a license to engage in and conduct the business of dealer in or manufacturer of motor vehicles.

C. L., sec. 63:19 (Sess. L. 1915, c. 64, p. 168), is as follows: "The registration fees imposed by this chapter upon motor

vehicles other than the registration fees required of dealers and manufacturers, shall be in lieu of all taxes thereon, general or local, and any such motor vehicle properly registered and for which the required fee has been paid, shall be exempt from taxation.''

Art. 7, sec. 5, of the constitution provides: ''All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, . . . . Provided, That the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just. . . . . ''

Appellant contends that the statutes exempting motor vehicles, upon which have been paid the license or registration fees, are violative of the constitutional mandate, above quoted, for uniformity of taxation, and that because automobiles upon which such fees have been paid escape assessment, those in the hands of dealers, upon which they have not, must also be exempted.

The legislature has recognized, for the purpose of exemption, a classification of motor vehicles upon which registration fees for the benefit of the public highways of the state have been paid, and this court has held the law to be not violative of art. 7, sec. 5, of the constitution. (*Achenbach v. Kincaid,* 25 Ida. 768, 140 Pac. 529.) It is not necessary to decide, in this case, whether such classification is constitutional because, even if it should be held that it is not, it would result in the taxation of all motor vehicles in the state, not in the exemption of appellant's property, for it is clearly the legislative intent that automobiles in the hands of dealers shall be assessed for taxation. The supreme court of Washington, in *Trimble v. City of Seattle,* 64 Wash. 102, 116 Pac. 647, announced the rule of law properly applicable to this case, saying: ''That inasmuch as taxation is necessary to the existence and perpetuation of government, there will be no implied exemptions from that burden.'' (See, also, 37 Cyc. 891; *Kidd v. Roberts,* 43 Okl. 603, 143 Pac. 862.)

The judgment is affirmed. Costs awarded to respondent.

Rice and Budge, JJ., concur.