269 P.2d 1077

**MALAD SECOND WARD OF THE CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS v. STATE TAX COMMISSION.**

No. 8072.

Supreme Court of Idaho.

April 27, 1954.

Merrill & Merrill, Pocatello, Z. Reed Millar, Boise, Albert R. Bowen, Salt Lake City, Utah, for appellant.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Asst. Atty. Gen., for State Tax Commission.

164

John W. Clark, Pros. Atty., Malad, for Oneida County.

KEETON, Justice.

Appellant, Malad Second Ward of the Church of Jesus Christ, Latter-Day Saints, is a corporation sole, organized as a church or religious society under Chapter 12, Title 30, I.C. and statutes precedent thereto. It owns 160 acres of farm land in Oneida County and seeks to have said land exempted from ad valorem taxes. The Board of Equalization of Oneida County denied the claim, which ruling was affirmed by the State Tax Commission. On a trial de novo in the District Court of the Fifth Judicial District, the claim was again denied and the order of the Tax Commission affirmed. Claimant appealed to this Court.

The pertinent facts are: The land so claimed to be exempt from ad valorem taxes is used by appellant to raise wheat, which is shipped to a flour mill in Utah owned by the Church of Jesus Christ of the Latter-Day Saints, where it is processed into flour. All of the flour so processed is distributed to the various wards and stakes of the church as a part of its welfare program for the use and benefit of indigent, aged and needy members.

The purpose of this welfare program is to provide for the needy, discourage idleness and promote independence, industry, thrift and self-respect. Appellant aims by such program, among other things, to encourage people to help themselves, and keep them off the public relief rolls.

Appellant contends that as all the produce of said farm is used for the purposes above set forth in its charitable activities, the land is, under the provisions of Subds. 2 and 3 of Section 63–105 I.C., exempt from taxation.

The pertinent parts of Section 63–105 I.C., under which the exemption is claimed, read as follows:

"The following property is exempt from taxation: * * * .

"2. Property belonging to any religious corporation or society of this state, used exclusively for and in connection with public worship, and any parsonage belonging to such corporation or society and occupied as such, and any recreational hall belonging to and used in connection with the activities of such corporation or society.

"3. Property belonging to any fraternal, benevolent, or charitable corporation or society, * * * used exclusively for the purposes for which said corporation or society is organized; * * * ".

It is not here contended that the property for which exemption is sought is used exclusively for, or in connection with, public worship and no parsonage or recreational hall of appellant is located thereon.

It is therefore plainly apparent that the exemption authorized by Subd. 2 above quoted does not apply to the situation and the property in question cannot be successfully claimed as exempt from taxation under said provision.

Appellant contends that if the property in question is not exempt under Subd. 2 above quoted, it is exempt under Subd. 3.

■ Churches and other religious institutions, fraternal, benevolent or charitable corporations or societies enjoy no inherent right to exemption from taxation; and their property is taxable except insofar as it is specifically exempt by constitutional provision or statutory enactment. There is no presumption or implied exemption from taxation in their favor; and all property within the State is liable to taxation unless expressly exempt. Where an exemption is claimed, the property to be exempt must be clearly defined and founded upon plain language, without doubt or ambiguity, and must come within the plain wording of the statute.

■ A statute granting tax exemption to certain institutions under prescribed conditions is to be strictly construed and cannot be extended by judicial construction so as to create an exemption not specifically authorized.

In Bistline v. Bassett, 47 Idaho 66, 272 P. 696, 697, 62 A.L.R. 323, this Court held:

"Exemptions are never presumed. The burden is on a claimant to establish clearly a right to exemption. An alleged grant of exemption will be strictly construed. It must be in terms so specific and certain as to leave no room for doubt."

Other authorities to the same effect are: Salisbury v. Lane, 7 Idaho 370, 63 P. 383; Cheney v. Minidoka County, 26 Idaho 471, 144 P. 343; Kootenai County v. Seven-Seven Co., 32 Idaho 301, 182 P. 529; Andrews v. North Side Canal Co., 52 Idaho 117, 12 P.2d 263; State v. Union Congregational Church, 173 Minn. 40, 216 N.W. 326; Cooley on Taxation, 4th Ed. p. 1403,

Sec. 672; 61 C.J. 392, Sec. 396; 84 C.J.S., Taxation, § 227; 51 Am.Jur. 526, Sec. 524.

 The property here being discussed and claimed as exempt from taxation is not used exclusively for the purposes for which said corporation is organized. The produce or income of the land in question, as distinguished from the land itself, is used for charitable purposes. The land is not actually occupied for any purpose mentioned in the pertinent parts of Section 63–105 I.C. In order to be exempt from taxation, ownership as well as use for the purposes mentioned in the statute must inhere.

An exemption from taxation exists only where the exempt body owns the property for which the exemption is sought and the property is also used exclusively for exempt purposes, that is, ownership as well as use.

Where property is claimed to be exempt from taxation, the test to be applied in determining the contention is the exclusive and primary use of the property so owned by such religious, fraternal or charitable corporation or society, and not the use of the proceeds, income or produce derived from the property.

 Conceding the claimant to be organized as a charitable institution or society, it is not entitled to exemption from taxation on property which it owns and from which it derives a revenue, even if the funds or produce so derived are devoted exclusively to charitable purposes.

Authorities sustaining this view are so numerous and the rule so universal that extensive citations of authorities are unnecessary. See Cooley on Taxation, 4th Ed. p. 1434, Sec. 686; 34 A.L.R. 659 and cases there collected.

We conclude that the property in question is not exempt from ad valorem taxes and the judgment of the district court is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.