526 P.2d 831

**IMMACULATE HEART OF MARY HIGH SCHOOL INC. et al., Plaintiffs-Appellants,**

v.

**Earl Z. ANDERSON, as Kootenai County Assessor, and Kootenai County By and Through its Board of Commissioners, a political subdivision of the State of Idaho, Defendants-Respondents.**

**No. 11420.**

Supreme Court of Idaho.

Sept. 19, 1974.

William D. McFarland, Coeur d'Alene, for plaintiffs-appellants.

Gary M. Haman, Pros. Atty., Coeur d'Alene, for defendants-respondents.

DONALDSON, Justice.

Appellant, Immaculate Heart of Mary High School, Inc., is a non-profit religious, charitable and educational corporation organized under the laws of the State of Idaho, and is the owner of Block 10, O'Brien's 2nd Addition to Coeur d'Alene, Kootenai County, Idaho. Situated on said property is a high school building and a convent.

Appellant, Roman Catholic Diocese of Boise City, Idaho, is a non-profit religious, charitable and educational corporation also organized under the laws of the State of Idaho, and is the owner of Lots 10 through 14 inclusive, Block 28, and Block 29, O'Brien's 4th Addition to Coeur d'Alene. Situated on this property is a grade school building and several playgrounds.

Appellant, School District No. 271, is a political subdivision of the State of Idaho and as such owns and operates schools within the boundaries of its district.

The above two religious corporations operated their respective schools for many years. However, at the end of the 1970–71 school year the staffs were withdrawn and the schools were closed. Nearly all of the students attending both schools resided with their parents within the boundaries of School District No. 271. It therefore was necessary for said district to absorb the 700 students into its system the following year.

School District No. 271, not possessing sufficient buildings to handle the increased enrollment, negotiated with the two other appellants for the use of their respective facilities. Immaculate Heart's lease reserved in the lessor the right to use of the gymnasium and certain other rooms pursuant to agreement. The School District agreed to pay as rental the sum of $552.21 for the month of July, 1971, and $647.67 per month thereafter. In addition, the district agreed to provide insurance on the premises, to pay for water and other utilities, to maintain the buildings in good condition, and to pay any real property taxes assessed or levied upon the property as a

result of the lease. The Roman Catholic Diocese entered into a substantially similar lease agreement with the district except the rental amount was $194.32 per month.[1]

Respondent, Earl Z. Anderson, as Kootenai County Assessor, subsequently placed the above described properties on the tax rolls. Notices were sent to appellants Immaculate Heart and Roman Catholic Diocese showing a tax levy against their respective properties in the amount of $8,500.08 and $3,062.84. Appellants made timely application to the Board of County Commissioners of Kootenai County, setting as a Board of Equalization, to have the properties excluded from the rolls and exempted from assessment and tax. Application was based upon I.C. §§ 63–105A, 63–105B, 63–105C, and 63–105L prior to amendment by Session Laws 1972, Chapters 178 and 192. The Board denied exemptions under each of the statutes and ordered the properties taxed at one-half their assessed valuation for the year 1971 (i. e., July 1, 1971 through December 31, 1971).

That decision was appealed to the Idaho Board of Tax Appeals which reversed the decision of the Board of Equalization and held the properties to be exempt under I.C. §§ 63–105B, 63–105C, and 63–105L.

Respondents then made timely appeal to the district court which reversed the Idaho Board of Tax Appeals and reinstated the order of the Kootenai County Board of Equalization. In so doing, it denied exemptions under each of the above listed statutes and ordered that ad valorem taxes for one-half of the year 1971 be paid on the respective properties in accordance with the assessments previously made. We affirm.

This appeal stems from the decision of the district court, and appellants assign error to that court not holding the properties exempt under I.C. §§ 63–105A, 63–105B, 63–105C, and 63–105L.

■ Initially, we confirm the long standing rule that statutes granting tax exemptions exist only by legislative grace, and by statutory mandate must be strictly construed.[2] As this Court stated in Malad Second Ward of the Church v. State Tax Commission, *supra*:

" 'Churches and other religious institutions, fraternal, benevolent or charitable corporations or societies enjoy no inherent right to exemption from taxation; and their property is taxable except insofar as it is specifically exempt by constitutional provision or statutory enactment. There is no presumption or implied exemption from taxation in their favor; and all property within the State is liable to taxation unless expressly exempt. Where an exemption is claimed, the property to be exempt must be clearly defined and founded upon plain language, without doubt or ambiguity, and must come within the plain wording of the statute.

" 'A statute granting tax exemption to certain institutions under prescribed conditions is to be strictly construed and cannot be extended by judicial construction so as to create an exemption not specifically authorized.' " 75 Idaho at 165, 269 P.2d at 1079.

■ I.C. § 63–105A [3] provides exemption for property belonging to various gov-

---

1. The rent prescribed in each of the leases was calculated to represent solely the depreciation of the buildings based upon a life expectancy of fifty years. The rental amount represents 2% of the appraised value of said buildings.

2. I.C. § 63–101; North Idaho Jurisdiction of Episcopal Churches, Inc. v. Kootenai County, 94 Idaho 644, 496 P.2d 105 (1972); Sunset Memorial Gardens v. Idaho State Tax Commission, 80 Idaho 206, 327 P.2d 766 (1958);

Malad Second Ward of the Church v. State Tax Commission, 75 Idaho 162, 269 P.2d 1077 (1954).

3. "63–105A. *Property exempt from taxation —Government property.*—The following property is exempt from taxation: Property belonging to the United States, except when taxation thereof is authorized by the Congress of the United States, this state, or to any county or municipal corporation or school district within this state."

ernmental units. The section is not applicable to the properties herein involved since said properties are not owned by the School District. Clearly, the religious corporations are not governmental units falling within the intent of the statute.

I.C. § 63–105B [4] provides exemption for property belonging to a religious corporation used exclusively for and in connection with public worship. Appellants urge exemption under this section citing North Idaho Jurisdiction of Episcopal Churches, Inc. v. Kootenai County, *supra,* for the proposition that use is to be construed broadly in connection with public worship. We agree the case of *North Idaho* established that property owned and used by a religious corporation does not have to be used solely for public worship. Uses such as education and charitable recreation fall within the exemption if they are coupled with use for public worship. However, the use under our present factual situation is not connected in any manner to public worship, nor are the properties primarily being used by the corporations. For these two reasons, exemption must be denied under this section.

I.C. § 63–105C [5] provides exemption for the property of a charitable corporation used for the purposes of original corporate organization. Exceptions to this exemption are where the property is leased or where the property is used for production of revenue not directly related to charitable purpose. Assuming both religious corporations qualify as charitable, neither is entitled to exemption under this section since they have leased their property. The statute itself excludes leased property from exemption, and it makes no difference that the leases were apparently entered into without profit motive. Revenue was derived and therefore exemption must be denied.

I.C. § 63–105L [6] provides exemption for property used exclusively by the owner for school or educational purposes from which no profit is derived. In substance, it excludes from exemption rental or profit producing property. Since the properties herein are not being used by their respective owners, combined with the fact that rent is being received, exemption must be denied. Again, profit motive is irrelevant to our holding due to rent and primary use by a non-owner.

Appellants, relying on the case of *North Idaho,* next urge that the above statutes be construed "in pari materia" to

---

4. "65–105B. *Property exempt from taxation —Religious corporations or societies.*—The following property is exempt from taxation: Property belonging to any religious corporation or society of this state, used exclusively for and in connection with public worship, and any parsonage belonging to such corporation or society and occupied as such, and any recreational hall belonging to and used in connection with the activities of such corporation or society."

5. "63–105C. *Property exempt from taxation —Fraternal, benevolent, or charitable corporations or societies.*—The following property is exempt from taxation: Property belonging to any fraternal, benevolent, or charitable corporation or society, the World War veteran organization buildings and memorials of this state, used exclusively for the purposes for which such corporation or society is organized; provided, that if any building or property belonging to any such corporation or society is leased by such owner or if such corporation or society uses such property for business purposes from which a revenue is derived which, in the case of a charitable organization, is not directly related to the charitable purposes for which such charitable organization exists, then the same shall be assessed and taxed as any other property, and if any such property is leased in part or used in part by such corporation or society for such purposes the assessor shall determine the value of the entire building (and) assess such proportionate part of such building including the value of the real estate as is so leased or used for such purposes, and shall assess all merchandise kept for sale, and the trade fixtures used in connection with the sale of such merchandise."

6. "63–105L. *Property exempt from taxation —Property used for school or educational purposes.*—The following property is exempt from taxation: All property used exclusively by the owner for school or educational purposes, from which no profit is derived, and all property from which no profit or rental is derived and which is held or used exclusively for endowment, building or maintenance purposes of schools or educational institutions."

**230**

determine legislative intent. As such, they contend that even though their properties cannot be exempted under any specific section, they should be exempted by looking at the statutes as a whole. We disagree with appellants' reading of *North Idaho,* for in that case the Court was primarily dealing with the construction of the term "exclusive," and held that the exemptions specified were not mutually exclusive. The Court in effect allowed exemption for property qualifying under an individual statute even though its use was not exclusive to that respective statute.

The case at bar differs from *North Idaho* in that the properties sought to be exempted do not fall within the guidelines of any one of the listed statutes. While the Court agrees that a general legislative intent may be derived from a reading of I.C. §§ 63–105A, 63–105B, 63–105C, and 63–105L, each section must be read in light of the ordinary meaning of its clear language.[7] This Court has never held that various sections can be dissected and reconstructed to obtain different language from that enacted by the legislature. The statutes at hand are clearly unambiguous and must be read in accordance with the expressed intent of the legislature.

The Court further notes that legislative intent can be derived from later statutory change. I.C. §§ 63–105B and 63–105L were amended in 1972[8] so that they now specifically grant exemptions to factual patterns similar to those at hand. As stated in Futura Corporation v. State Tax Commission, 92 Idaho 288, 291, 442 P.2d 174, 177 (1968):[9]

"When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment."

In light of this rule, the 1972 amendments support our application of I.C. §§ 63–105B and 63–105L.

We therefore affirm the decision of the district court holding that the order of the Idaho Board of Tax Appeals dated July 25, 1972, should be reversed, and that the order of the Kootenai County Board of Equalization dated December 14, 1971, should be fully reinstated.

Judgment affirmed. Costs to respondents.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.

---

7. Swensen v. Buildings, Inc., 93 Idaho 466, 463 P.2d 932 (1970); Willows v. City of Lewiston, 93 Idaho 337, 461 P.2d 120 (1969); Nicolaus v. Bodine, 92 Idaho 639, 448 P.2d 645 (1968); Nagel v. Hammond, 90 Idaho 96, 408 P.2d 468 (1965); Florek v. Sparks Flying Service, Inc., 83 Idaho 160, 359 P.2d 511 (1961).

8. I.C. § 63–105B was amended by addition of the following: "and this exemption shall extend to property owned by any religious corporation or society which is used for any

combination of religious worship, educational purposes and recreational activities, not designed for profit."

   I.C. § 63–105L was amended by removal of "by the owner" as applied to educational use.

9. *See also* De Rousse v. Higginson, 95 Idaho 173, 505 P.2d 321 (1973); Swayne v. Department of Employment, 93 Idaho 101, 456 P.2d 268 (1969); McKenney v. McNearney, 92 Idaho 1, 435 P.2d 358 (1967); Totorica v. Western Equipment Co., 88 Idaho 534, 401 P.2d 817 (1965).